UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RICARDO ZAMORA,

        Defendant.

_____/

CASE NO. 2:20-cr-20318-1

HON. STEPHEN J. MURPHY, III

**ORDER FOR DISCOVERY AND INSPECTION, GIVING NOTICE OF CERTAIN PRETRIAL AND TRIAL PRACTICES, AND ESTABLISHING SCHEDULING ORDER**

**I. SCHEDULE FOR MOTIONS, FINAL PRETRIAL CONFERENCE, GUILTY PLEA CUTOFF AND TRIAL DATES**

    **A)** **MOTIONS**

Any pre-trial motion, including any motion in limine[1], is to be filed in accordance with Local Criminal Rule 12.1 and Administrative Order No. 03- AO-027 ("Standing Order for Discovery and Inspection and Fixing Motion Cut- Off Date in Criminal Cases")[2]. Before any pre-trial motion is filed, compliance with Local Criminal Rule 12.1 and Local Civil Rule 7.1(a) must be observed. Upon a motion being filed, other deadline dates will be adjusted as necessary,

---

[1] Motions in limine that expedite the trial process may be considered closer to the trial date. Frequently the Court will decide motions in limine after having heard evidence at trial.

[2] The Administrative Order provides at section 11: "Any pretrial motion shall be filed within twenty (20) days of the date of arraignment of the defendant involved."

and the non-moving party will have the time allowed in the Local Rules for response (ordinarily 14 days for non-dispositive motions and 21 days for dispositive motions), unless otherwise ordered by the Court.

- **The Court will not read or consider any materials pretrial that are directly submitted to the Court by represented defendants without knowledge of or input from their counsel.**

### B) TRIAL PREPARATION AND FINAL PRETRIAL CONFERENCE

A **final pretrial conference and negotiated guilty plea cutoff** will occur, on the record, on **7/15/2021 at 11:00 a.m.** The government is directed to proffer any proposed guilty plea agreement to the defendant not later than one week before that date. The defendant must attend. The defendant, if free on bond, is **ORDERED** to appear at or near **Courtroom #216 at least fifteen minutes before the scheduled pretrial conference is to commence**.

### C) TRIAL SCHEDULE

Trial, if necessary, will commence with jury selection on **8/10/2021 at 9:00a.m.** The defendant, if free on bond, is **ORDERED** to appear at **Courtroom #216 at least fifteen minutes before the scheduled trial is to commence**. Any questions or scheduling conflicts with the dates contained in this order should be directed to the Case Manager: david_parker@mied.uscourts.gov

## II. PRETRIAL PROCEDURES

### A) ORDERS OF THE COURT

The Court finds that certain amendments to the trial preparation directives of Administrative Order No. 03-AO-027 will better assist in the effective administration of this case. Therefore, **IT IS HEREBY ORDERED** that Administrative Order No. 03-AO-027 is amended and augmented in certain respects for the purposes of this case as stated below. Counsel shall organize their trial preparation as stated in Administrative Order No. 03-AO- 027 consistent with the Court's amendments hereto. Counsel should also see the Court's website for further information: http://www.mied.uscourts.gov, paying special attention to the Court's "Local Rules," and "Practice Guidelines" specific to Judge Murphy.

### 1. RECUSAL

**The government shall immediately determine whether any portion of this criminal case or its previous investigation was opened in the United States Attorney's office for the Eastern District of Michigan prior to August 18, 2008, and if it was, shall immediately inform the Court and defense counsel of both that fact and the date of the opening.** Upon its own initiative or by motion of any party, the Court may recuse itself from any matter over which Judge Murphy may have presided as United States Attorney for the Eastern District of Michigan.

(Note: The references in headings 2-4 below to "section" numbers are to the sections of the Court's Administrative Order No. 03-AO-027.)

### 2. SECTION 5(a) (MARKING OF EXHIBITS)

Exhibits shall be designated with the government using numbers beginning with "1" and the defense using letters beginning with "A". In the event of an extraordinary number of exhibits or in the event of more than one defendant, counsel shall discuss and recommend to the Court before trial a reasonable alteration to the numbering system described.

The list required under Section 5(a) of the Administrative Order should be submitted not later than 24 hours prior to the morning of jury selection.

Counsel for the government is urged to make reasonable efforts to reach agreement with counsel for the defense concerning the admissibility of each intended physical exhibit. In the event such agreement is reached, a list of such exhibits is to be prepared by government counsel for entry at the opening of trial, and the exhibits will be considered admitted at the outset.

In cases that are not document intensive, the Court appreciates on the morning of jury selection a unified binder of all exhibits so agreed upon.

### 3. SECTIONS 5(b), 6 and 7 (OBJECTIONS TO FOUNDATIONAL ISSUES)

In the event defense counsel chooses to file a notice of intent to contest foundation, chain-of-custody, or scientific analysis, such notice shall be filed not later than **7 days before trial**. Unless the items or exhibits are unusually voluminous, the notice shall provide a brief item-by-item or exhibit-by-exhibit description of the good faith basis for any objection.

In the event the items or exhibits are unusually voluminous, counsel for the defense shall, as early as is possible, give notice to the Court and the government of the expected difficulty in providing the specific objection otherwise required, and seek the assistance first of the government, then of the Court, in resolving the matter.

### 4. SECTION 10 (JURY INSTRUCTIONS)

Counsel for the government is directed to draft proposed jury instructions identifying the elements of the charged offense(s) in the form of 6th Circuit Criminal Pattern Jury Instruction 2.02, and to draft any other "non- standard" instructions it requests. Counsel for the defense shall also draft any "non-standard" instructions the defense intends to request. Either party may request other instructions of the Court simply by reference to the pattern instruction number.

"Elements" instructions proposed by the government and proposed special instructions by either counsel shall be circulated among counsel with a reasonable opportunity for reaction and possible stipulation. All such drafting and reaction shall be concluded in time for submission of stipulated and requested instructions **before jury selection** is scheduled to begin. In most cases, the Court will produce in chambers the Counsel must submit proposed instructions by e-mail attachment consistent with WordPerfect or Microsoft Word.

## B) OTHER PROCEDURES

### 1. FINAL PRETRIAL CONFERENCE and PLEA DEADLINE

The Court does not ordinarily accept a negotiated plea of guilty that contains any restrictions regarding sentencing under Fed. R. Crim. P. 11, a significant reduction in the number of counts alleged, a 5K1.1 provision or any other concessions by the government that could impinge upon the Court's sentencing authority or discretion, after the final pretrial conference and change-of-plea cutoff date. The Court does not accept plea agreements under Fed. R. Crim. P. 11(c)(1)(C), but readily accepts agreements under Rule 11(c)(1)(B) that include non-binding sentencing recommendations; the Court also accepts plea agreements that contemplate well thought out and supported 5K1.1 departures. Although Rule 11(c)(1)(B) sentencing recommendations are not binding, the Court does give them careful consideration and weight. Accordingly, unless a signed Rule 11 agreement is in hand before the pretrial conference, the attorneys for the parties are hereby directed to appear for a final pretrial conference on the date set as follows:

a) Each trial attorney and defendant must personally appear in court at the noticed date and time. If desired, the defendant may use this conference as his or her final opportunity to enter a negotiated plea.

b) In the event that the defendant chooses to proceed to trial, the Court will ask the government to set forth on the record any proffered plea agreement and the government's view of the calculation of sentencing guidelines if the proffered agreement were accepted as opposed to a conviction at trial. The Court will address the defendant on the record and ensure that the decision to proceed to trial was made after adequate consultation with counsel and that the decision represents the defendant's knowing and voluntary choice.

c) Should the defendant decline to enter a plea of guilt, counsel must be prepared to conduct the final pretrial conference, and to discuss at least the following issues:

    i)     Evidentiary stipulations or problems
    ii)    Jury instruction stipulations or problems

      iii) Unresolved motions
      iv) Number of witnesses and estimated time for presentation of the case
      v) Estimated time for opening statements
      vi) Agreement on juror-proposed questions

## 2. VOIR DIRE

It is the Court's practice to conduct voir dire questioning of the jury panel. Counsel must submit any questions they may wish to request in writing to the Court not later than the end of the business day **two full days before jury selection** is scheduled to commence. Question requests submitted on the morning of trial will not be considered by the Court.

## 3. JURY SELECTION METHOD: JURY TRIAL PRACTICES

The Court uses a "struck jury" system for jury selection. The Court will select twelve regular and two alternate jurors. In most cases, the government is allowed 6 peremptory challenges and the defendant is allowed 10 peremptory challenges. Alternate jurors are not told they are alternates; they are dismissed by random draw at the conclusion of the proofs.

The jury will be allowed to take notes. The Court specifically instructs the jury in advance on this issue.

## 4. SENTENCING PROCEDURES

In the event of a conviction, a presentence report will be prepared in the regular course of business and counsel will respond pursuant to Fed. R. Crim. P. 32, and any applicable Local Rules of this Court.

    a) In the event that a party identifies objections (controverted items) which are not accepted by the probation officer, and which are therefore to be resolved by the Court, both parties shall prepare to respond in writing. Although a more detailed order for response may be forthcoming from chambers on a case-by-case basis, the non-objecting party shall respond to each objection, setting forth the party's position in agreement or disagreement with the objection, and

specifying at least the following:

    i) The factual or legal basis for the response

    ii) Whether or not the party intends to present witnesses in support of a sentencing position

    iii) If witnesses are intended, the name of each witness along with a brief statement showing the controverted item to which the witness's testimony applies, the substance of the witness's intended testimony (expressed in one or two sentences), and an estimate of the time required to present the witness's testimony

b) Counsel must avoid "objecting" to presentence report notations which are nothing more than mechanical or arithmetic calculations under the guidelines, the resolution of which depend on other factual items.

c) Any motion for a departure from the calculated range based upon Sentencing Guidelines factors, or motion for a sentencing variance based upon 28 U.S.C. § 3553(a) factors must be stated in writing and filed not fewer than twenty-one days before sentencing. Provide a copy to the Probation Officer. The opposing party must file a response **not fewer than seven days before sentencing**. A decision on a departure motion will ordinarily be announced before sentencing. Oral argument may be invited by the Court in some cases.

d) Any sentencing memorandum must be filed **not fewer than twenty- one days before sentencing.**

e) Unless otherwise permitted for reasonable cause, allocution will not exceed eight minutes for defendant's counsel, five minutes for defendant, and eight minutes for government counsel.

SO ORDERED.

s/Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: June 4, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 4, 2021, by electronic and/or ordinary mail.

s/David P. Parker<br>
Case Manager