UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

Case No. 2:20-cr-20318-1

HONORABLE STEPHEN J. MURPHY, III

v.

RICARDO ZAMORA,

         Defendant.
_____/

**OPINION AND ORDER DENYING RENEWED MOTION FOR JUDGMENT OF ACQUITTAL [43] AND MOTION FOR A NEW TRIAL [44]**

Defendant was convicted in a jury trial on one count of conspiracy to possess with intent to distribute the controlled substance cocaine under 21 U.S.C. §§ 846, 841. ECF 1; 41. At the conclusion of the Government's case, Defendant moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. The Court denied the motion from the bench. *See* ECF 42.

Defendant timely renewed the motion for a judgment of acquittal under Rule 29(c). ECF 43. The same day, Defendant moved for a new trial under Rule 33. ECF 44. The Court will resolve the renewed motion for a judgment of acquittal before turning to the motion for a new trial.

Defendant argued that he was entitled to a motion for a judgment of acquittal for two reasons. First, the three cooperating witnesses were so lacking in credibility that their testimony could not support a conviction. ECF 43, PgID 263. Second, the

1

Court mistakenly informed the venire panel that Defendant was presumed guilty rather than innocent. *Id.*

For a Rule 29 motion, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, (1979)). Courts draw all reasonable inferences in favor of the jury's verdict and "do not weigh the evidence, assess the credibility of the witnesses, or substitute [their] judgment for that of the jury." *Id.* (quotation and citation omitted).

As for the credibility of the three cooperating witnesses, courts do not assess the credibility of witnesses when reviewing a motion for a judgment of acquittal, so Defendant's motion fails on that ground. *Id.* And for the Court mistakenly transposing the presumption of innocence while questioning the venire, the Court issued a detailed order denying a motion for a mistrial on that basis during the trial. *See* ECF 38, PgID 209–12. Nothing has changed, nor is there any information that suggests the Court's order needs to be reconsidered. Defendant did not even raise any new arguments related to the issue in the motion for a renewed judgment of acquittal. *See generally* ECF 43. The Court's previous order, ECF 38, resolved the issue with finality. Because both grounds Defendant raised in his renewed motion for a judgment of acquittal are insufficient, the Court will deny the motion.

Defendant's Rule 33 motion for a new trial focused solely on the credibility of the three cooperating witnesses discussed above in relation to the motion for a judgment of acquittal. ECF 44.

Rule 33(a) allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Motions for new trials are disfavored and the "defendant bears the burden of showing that a new trial ought to be granted." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). One of the primary "uses of a Rule 33 motion is to seek a new trial on the ground that the jury's verdict was against the manifest weight of the evidence." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (cleaned up). Courts may consider the credibility of witnesses on a Rule 33 motion and can even reweigh evidence to ensure that the jury verdict did not create a miscarriage of justice. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998).

Simply put, the jury's verdict did not create a miscarriage of justice and the interest of justice in fact requires the Court to deny Defendant's motion. The cooperating witnesses' testimony alone did not result in Defendant's conviction. Rather, the mountain of evidence obtained from a wiretap and a pole camera corroborated their testimony to the point where a rational jury could only have found Defendant guilty of conspiracy to distribute cocaine beyond a reasonable doubt. The Court will therefore deny the motion for a new trial.

In sum, the Court will deny both the renewed motion for a judgment of acquittal and the motion for a new trial.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's renewed motion for a judgment of acquittal [43] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for a new trial [44] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: August 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 18, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager